CASE NO. 19-60293
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

WILL McRANEY,
Plaintiff - Appellant

VS.

THE NORTH AMERICAN MISSION BOARD OF THE SOUTHERN BAPTIST
CONVENTION, INCORPORATED,

Defendant - Appellee
_____

**On Appeal from the United States District Court
For the Northen District of Mississippi
Honorable Glen H. Davidson, Senior United States District Judge**

_____

**PLAINTIFF-APPELLANT'S RESPONSE TO
DEFENDANT-APPELLEE'S PETITION FOR REHEARING EN BANC**
_____

In response to the Petition for Rehearing En Banc, Appellant wishes to set forth several foundational tenets.

*First*, in opposition to the case of *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020) ("OLG") relied on so heavily by Appellee and its progeny as a reason for a rehearing, Appellant has never challenged the right of his former employer, Baptist Convention for Maryland/Delaware ("BCMD") to terminate

his employment. The case at bar is not one which involves the dissection of the "ministerial exception" in any way, shape, or form.

*Secondly*, at no time was the Appellant employed by, governed by, or subject to the dictates of NAMB as an employee. There is no dispute between the Appellant and Appellee as to "faith or doctrine."

This is not a case "whereby courts are bound to stay out of employment disputes involving those holding certain important positions with churches and other religious institutions." *See*, OLG slip opinion at page 11. Rather, as amply expressed in OLG, "[t]his does not mean that religious institutions enjoy a general immunity from secular laws, but it does protect their autonomy with respect to internal management decisions that are essential to the institution's central mission." *id.* at 10.11.

NAMB is an independent, non-profit organization, supported by the Southern Baptist Convention and 47,000 cooperating churches. BCMD is a totally separate religious organization, not subject to doctrine or governance of the SBC or NAMB. What actions Appellee did to Appellant is no different than a private corporation attacking a citizen. The Appellee is not a "church" as that term is understood, and while Appellee might be a religious institution, they are not immune.

The Panel decision was inherently correct. The Panel merely said that a dismissal at this time, without the development of additional facts, is premature. Opposing counsel and the Amici participants would have this Court build a First Amendment impenetrable wall against any governmental intrusion involving church autonomy. Clearly, based on prior histories of such events as Jim Jones, Waco, and Heaven's Gates, there are times when Caesar must enter the temple to have a look around. To hold otherwise, is to risk creating a distinct class of First Amendment devotees who create a "no go zone" against any governmental intrusion. The Panel decision clearly says that, just as in a church property dispute, the Courts may apply a "neutral principles" standard to develop case specific facts before such decision is made.

## CONCLUSION

for the above reasons, Plaintiff/Appellant urges the Court not to grant the En Banc request.

Respectfully submitted,

WILL MCRANEY, Plaintiff/Appellant

BY: /s/WILLIAM HARVEY BARTON, II

## CERTIFICATE OF SERVICE

On this 26th day of August, 2020, I electronically filed the foregoing using the Court's appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by that system.

/s/William Harvey Barton, II
WILLIAM HARVEY BARTON, II

**BARTON LAW FIRM, PLLC**

WILLIAM HARVEY BARTON II, MSB #2104
3007 Magnolia Street
Pascagoula, MS  39567
Telephone: (228) 769-2070
Facsimile: (228) 769-1992
harvey@wbartonlaw.com